UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NADINE HEMMINGHAUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV736 CDP |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Nadine Hemminghaus began work as a court reporter for the State of Missouri's judiciary in 1997.  Her children suffered some form of abuse in September 2008, and shortly after the incident Hemminghaus became critical of the way the prosecutor's office and the police department were handling the case. She alleges that she reached out to the media and wrote a blog.  When she sought leave from her court reporting duties under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq, the request for leave was denied.  In April of 2009, Hemminghaus was terminated.

Following the termination, Hemminghaus filed a one-count Complaint against the State of Missouri alleging violation of the FMLA.  She later amended her Complaint by adding two additional counts claiming violations of 42 U.S.C. § 1983.  Count II alleged prior restraint of her rights under the First Amendment to the United States Constitution, and Count III alleged retaliation for exercising her

First Amendment rights. Hemminghaus named both the State and then Circuit Court Judge Gary Gaertner, Jr., her former supervisor, as defendants on the additional counts. Defendants filed a motion to dismiss Counts II and III, arguing that state sovereign immunity under the Eleventh Amendment bars those claims because the State is not a person capable of being sued under § 1983 and the State is the real party in interest with respect to Hemminghaus's claims against Gaertner. Hemminghaus concedes Counts II and III must be dismissed against the State, and concedes that her claim for money damages against Gaertner in his official capacity must likewise be dismissed. She argues that her official capacity claim for injunctive relief survives, as does her damages claim against Gaertner in his individual capacity.

The defendants have also filed a motion to compel certain discovery. I agree with defendants in some, but not all respects, and so I will grant in part and deny in part both motions.

## Motion to Dismiss

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of such a motion is to test the legal sufficiency of the complaint. A complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a 12(b)(6)

motion, the court should assume all factual allegations of a complaint are true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). While the complaint need not contain detailed factual allegations, the plaintiff must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* As such, a complaint will not suffice if it contains naked assertions devoid of factual enhancements. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1944 (2008).

*Bell Atlantic* established the "plausibility standard," which replaced the "no set of facts" jurisprudence, and it requires the plaintiff to plead factual content that will allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic*, 550 U.S. at 556. Plausibility requires more than a mere possibility that a defendant has acted unlawfully, but does not require a showing of probability; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegality. *Id.* A complaint should not be dismissed merely because the court doubts a plaintiff will be able to prove all the necessary allegations. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997). The issue is not whether the plaintiff will ultimately prevail, but whether she is entitled to present evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The Eleventh Amendment to the United States Constitution grants a state sovereign immunity from suits brought in federal court by its own citizens as well as citizens of another state.  U.S. Const. amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).  Nothing contained in 42 U.S.C. § 1983 works to abrogate a state's sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 338-45 (1979), and a state is not a "person" capable of being sued under § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989).  "Although state officials literally are persons, an official-capacity suit against a state officer is not a suit against the official but rather is a suit against the official's office," and so generally state officials acting in their official capacity are not "persons" capable of being sued under § 1983.  *Will*, 491 U.S. at 71.  One of the exceptions to this rule is that a state official may be sued in his or her official capacity for injunctive relief.  *Will*, 491 U.S. at 71 n. 10 (state officials sued in their official capacities for injunctive relief are "persons" under § 1983 because official capacity actions for prospective relief are not treated as actions against the state); *see also Williams v. Silvey*, 375 Fed. Appx. 648, 650 8th Cir. 2010).  For example, a request for an order to clear an employment record of any false allegations of improper behavior is permissible. *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989).  And, a unanimous Supreme Court decided that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983." *Hafer v. Melo*, 502 U.S. 21, 31 (1991).  The

- 4 -

Court expressly rejected any distinction based on whether the actions at issue were within the scope of the official's authority, holding that the Eleventh Amendment does not restrict an individual's right to sue a state officer in his or her individual capacity for official acts, "nor are state officials absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." *Id.* at 28, 31.

Defendants argue that Gaertner cannot be sued in his official capacity for prospective or injunctive relief because he is no longer a judge with the Circuit Court for St. Louis County.  He has been elevated to the Missouri Court of Appeals for the Eastern District of Missouri.[1]  Hemminghaus's Amended Complaint seeks reinstatement and unspecified "appropriate injunctive relief." Her brief elaborates somewhat, saying she seeks "injunctive relief, such as the removal from her personnel file of the disciplinary action and reason for her termination, or for a neutral, as opposed to negative, job reference."

Unlike the cases cited by defendants on this point, Gaertner is still an employee of the State of Missouri's judiciary.  The record before me does not show whether Gaertner has any authority to alter or direct alteration of

---

[1] According to Federal Rule of Evidence 201(b), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See also Cravens v. Smith*, 610 F.3d 1019, 1029 (8th Cir. 2010).  Gaertner's elevation is subject to judicial notice.

Hemminghaus's personnel file.  Additionally, while he maintains control over the references he personally might give if contacted by a prospective employer, he cannot provide the prospective relief of reinstatement the to Circuit Court that Hemminghaus seeks because he is in a different court.  As such, Hemminghaus's claim for reinstatement must be dismissed, but I cannot say that no injunctive relief would be appropriate.  I will allow the claim for injunctive relief to proceed at this stage, but only to the extent Gaertner is capable of providing such relief, which is not clear from the record before me now.

Defendants also argue that Gaertner's actions in supervising and terminating Hemminghaus were really attributable to the State, and because the State is the real party in interest and immune from this type of suit, the claims must be dismissed.  I disagree.  This is the very argument rejected by the United States Supreme Court in *Hafer v. Melo*, 502 U.S. 21, 31 (1991).  While a plaintiff may not escape the bar of state sovereign immunity by suing a state actor when the state is the real party in interest, *Will*, 491 U.S. at 71, the unconstitutional discharge of an employee, if made by an agent with final authority over employment matters, may be a cognizable injury under § 1983, *Williams v. Butler*, 863 F.2d 1398, 1403 (8th Cir. 1988); *see also Mount Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 283, (1977).  Here, Hemminghaus alleges that Gaertner, on two occasions, told her that if she spoke to the media about or

continued to pursue a child abuse cases involving her children she would be fired; then, she was, in fact, fired.  For purposes of resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Hemminghaus's allegations, when taken as true, have stated a § 1983 damages claim for which relief might be granted against Gaertner in his individual capacity.

## Motion to Compel

The defendants filed a motion to compel seeking several answers to interrogatories and requests for production of documents.  Much of the motion is moot because Hemminghaus has submitted some responses since the motion was filed, but  I find it particularly troubling that Hemminghaus failed to initially respond to those discovery requests she did not object to.  I will nonetheless deny the request for any documents already produced as moot.  I will only address the information or documents that still appear to be in dispute.

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery for actions filed in federal court:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

In a discovery context, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Rule 26(b)(2)(C), however, requires the court to curtail the discovery of admittedly relevant evidence if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*See also Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (holding that "even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.") (internal citation and quotation omitted). Because each of the defendants' requests is relevant and is neither unduly burdensome nor expensive, I will grant the motion to compel, to the extent such requests are not already mooted and with some exceptions.

Interrogatory #6 asks Hemminghaus to identify each lawsuit or formal or informal claim involving allegations of retaliation regarding the FMLA, other employment discrimination, other retaliation, or any other civil litigation, to which she has been a party.  Request for Production of Documents #14 seeks a copy of any and all documents Hemminghaus submitted to or received from the Department of Labor.  I will order Hemminghaus to respond to Interrogatory #6, but only to the extent it seeks identification of civil lawsuits and formal complaints filed with the Department of Labor, the Equal Employment Opportunity Commission, or the Missouri Commission on Human Rights.  I will also order Hemminghaus to respond to Request for Production of Documents #14 by providing copies of those documents submitted to or received from the Department of Labor.

Request for Production of Documents #12 seeks the execution of several releases.  The releases still at issue are medical releases for any medical records Barbra Danin or Leigh Berry have on the plaintiff or her children and employment releases for the Limited and Express.  Hemminghaus argues that none of these releases are calculated to lead to discoverable information because she and her children were not treated by these doctors and she only made application to yet never actually worked for these employers.  I disagree.  Hemminghaus met with these doctors during the relevant time period in regards to the medical leave in

question.  She also disclosed those doctors in her initial Rule 26 disclosures, and so any information that can be gleaned from those meetings is discoverable. Further, defendants argue, and I agree, that the information Hemminghaus provided to prospective employers about her reason for leaving her job as a court reporter go to her credibility.  The records disclosed would also be subject to the agreed upon protective order, and so I will order Hemminghaus to execute each of the releases.

Interrogatory #17 seeks a statement of all the times Hemminghaus requested medical or FMLA leave while employed as a court reporter in the 21st Judicial Circuit, with detail regarding the time frame, reason for the request, whether the request was approved or denied, who was involved in reviewing and approving the request, individuals present when the request was made, and the identity of documents or recordings related to the request.  Request for Production of Documents #21 seeks documents related to the leave identified in Interrogatory #17.  Hemminghaus correctly argues that defendants likely have access to the vast majority of the information and documents requested here, but the information is relevant to the case at hand and, to the extent she has documents related to any prior leave requests, she is ordered to produce them to defendants.  I will not order her to answer the interrogatory, however, because doing so would be unreasonably

burdensome, given that the information can be gleaned from documents already in the defendants' possession.

Interrogatory #20 asks Hemminghaus to identify the serious health conditions of her or her children that necessitated the FMLA request alleged in her Complaint. Under Federal Rule of Civil Procedure 33(a)(2) "[a]n interrogatory is not objectionable merely because it asks for an opinion or *contention* that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." (emphasis added). One Court has explained that discovery is designed to serve two purposes: (1) to allow the plaintiff to develop facts to support the theory of the complaint and allow the defendant to develop facts to support its defense (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)), and (2) to allow the defendant to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case (internal citations omitted). *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). Additionally, the advisory committee note to 1970 amendment of Federal Rule of Civil Procedure 33(b) stated that "[a]s to requests [via interrogatories] for opinions or contentions that call for the application of law to fact, they can be *most useful in*

*narrowing and sharpening the issues*, which is a major purpose of discovery." (emphasis added).  Hemminghaus argues that the answer can be obtained from another source because it already lies in the medical evidence.  But Hemminghaus should be able to identify the conditions upon which she contends her Complaint lies, and such identification will serve the purpose of narrowing the issues as the Advisory Committee intended when amending Federal Rule of Civil Procedure 33. I will order her to answer Interrogatory #20.

Accordingly,

**IT IS HEREBY ORDERED** that:

1.	Defendants' request for judicial notice of Gaertner's elevation is granted.

2.	Defendants' motion to dismiss [#22] is granted in part and denied in part.  Counts II and III of Hemminghaus's Amended Complaint are dismissed as to the State of Missouri in their entirety and as to Gaertner, in his official capacity, to the extent any monetary damages are sought and to the extent reinstatement is sought.  Counts II and III are sufficient to proceed against Gaertner, in his official capacity for injunctive relief only and in his individual capacity for damages, as set out above.  Count I is unaffected by this Order.

3.	Defendant's motion to compel [#33] is granted in part and denied in part, as set out above.

4.	Plaintiff's request for leave to amend her Amended Complaint to cure any defect with her First Amendment claim is denied because I cannot determine whether another amendment would be futile without seeing the proposed second amended complaint[2] and the Case Management Order deadline for seeking amendment of pleadings has long since passed.

5.	The parties joint motion to for extension of time to complete mediation, up to and including July 12, 2012, [#34] is granted.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2012.

---

[2]*See, e.g.*, *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir.2008) ("We have held, also, that granting leave to amend a complaint where the plaintiff has not submitted a proposed amendment is inappropriate."). Additionally, the Administrative Procedures for the Eastern District of Missouri require plaintiffs to attach their proposed amended complaints to motions seeking leave to amend. *See* United States District Court for the Eastern District of Missouri, Admin. Procedures for CM/ECF § 11(B) at p. 5.