UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NADINE HEMMINGHAUS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE OF MISSOURI, et al., ) <br> ) <br> Defendants. ) | Case No. 4:11 CV 736 CDP |

## MEMORANDUM AND ORDER

After I granted summary judgment to the defendants, they submitted a bill of costs to be taxed against plaintiff Nadine Hemminghaus. As permitted by Local Rule 54–8.03(A), Hemminghaus filed objections, challenging four specific costs.

Under Rule 54(d), Fed. R. Civ. P., "costs — other than attorney's fees — should be allowed to the prevailing party." Not all litigation expenses qualify as "costs." The specific costs that are recoverable are set out in 28 U.S.C. § 1920. They include, among other things, fees for printed or electronically recorded transcripts" and fees for "the costs of making copies of any materials," as long as the transcripts and copies "are necessarily obtained for use in the case." The district court has "substantial discretion in awarding costs" as provided for by Section 1920 and Rule 54(d). *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006).

I agree with Hemminghaus that the objected-to costs do not fall within any of the enumerated categories of taxable expenses under 28 U.S.C. § 1920. I will reduce defendants' bill of costs accordingly.

### *Rough transcripts*

First, defendants have requested reimbursement for both rough transcripts and regular transcripts of nine depositions. Hemminghaus objects to paying for both. Under Section 1920(2), "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable. Because each of these depositions was taken long before the dispositive motion deadline and the scheduled trial date, I conclude that rough transcripts were not "necessarily obtained for use in the case." Therefore, they are not taxable, and I will reduce the taxed costs by $1,295, the amount charged for the rough transcripts.[1]

### *Videotaped deposition of plaintiff*

Second, Hemminghaus objects to paying for both the written transcription and video recording of her deposition. Although the Eighth Circuit has held that video recording costs are recoverable under 28 U.S.C. § 1920(2), it has not ruled whether a prevailing party may recover the cost of both a written transcription and a video recording for the same deposition. *See Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 897–98 (8th Cir. 2009).

---

[1] Plaintiff seeks a reduction of $1,289, which reflects an apparent typo in the amount charged for the rough transcript for the deposition of Hashim Raza.

This court, however, has repeatedly held that the "or" in Section 1920(2) means that costs for *either* "printed" *or* "electronically recorded" transcripts may be recovered, but not both. *See Thomas v. Newton*, 4:07CV556 AGF, 2009 WL 1851093, at *3 (E.D. Mo. June 26, 2009) (citing *United States v. Smith*, 35 F.3d 344, 346 (8th Cir. 1994) ("or" should ordinarily be read as disjunctive)); *see also MEMC Electronic Materials, Inc. v. Sunlight Grp., Inc.*, No. 4:08CV535 FRB, 2012 WL 918743, at *5 (E.D. Mo. March 19, 2012); *Sportsman v. BNSF Ry. Co.*, 4:10CV513 TIA, 2011 WL 4528388, at *2 (E.D. Mo. Sept. 29, 2011); *Am. Guar. & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*, No. 4:06CV655 RWS, 2010 WL 1935998, at *2 (E.D. Mo. May 10, 2010).

In *National Benefit Programs, Inc. v. Express Scripts, Inc.*, Judge Fleissig noted that some courts in this circuit have allowed recovery of both costs, "but only where the prevailing party offers a persuasive reason for obtaining the video deposition." 4:10CV907 AGF, 2012 WL 2326071, at *3 (E.D. Mo. June 19, 2012); *see also Craftsmen*, 579 F.3d at 898 (directing plaintiff to be taxed for the cost of video, but noting that plaintiff "present[ed] no other argument indicating that the award of the video-deposition costs was unreasonable or unnecessary")). In this case, defendants have not responded to Hemminghaus' objections and have not provided any reason that they should recover the costs of both a written transcript and a video recording of her deposition. I conclude that video was not necessarily obtained for use in this case, and therefore, it falls outside Section 1920(2). As such, I will reduce the bill of costs by $1,262.50, the amount charged for video recording of Hemminghaus' deposition.

– 3 –

### *Per-page charge for James Carroll deposition*

Hemminghaus also argues that the full cost of the transcript for the deposition of James Carroll should not be taxed against her. The defendants were charged $5.75 per page for Carroll's deposition transcript, a rate Hemminghaus considers unreasonably high. She notes that the other transcript fees in this case ranged from $3.35 per page to $3.75 per page; that the circumstances of Carroll's deposition were unremarkable; and that his transcript was prepared by the same court reporting service.

The invoice attached to the defendants' motion for bill of costs reveals that the Carroll transcript was "expedited," which may account for the increased per-page costs. (See Mot., p. 14.) As stated above, the defendants have not responded to Hemminghaus' objections, so they have not confirmed that its expedited delivery is the reason Carroll's deposition transcript cost one-and-a-half times more than the other transcripts.

Under the circumstances of this case, expedited delivery was not necessary to the defendants' case, as required by 28 U.S.C. § 1920. Though the Carroll deposition took place toward the end of the period designated for deposing Hemminghaus' experts, that has no bearing on the transcript delivery. The deposition was completed long before any relevant motion deadlines or scheduled trial date. Accordingly, the defendants may only recover $3.75 per page for the Carroll deposition transcript. This amounts to a $418 reduction of the taxed costs.

### *Copies of summary judgment motion and exhibits*

Finally, Hemminghaus argues that the defendants are not entitled to recover the cost of copying their own motion for summary judgment and supporting documents. Under Section 1920(4), only copies that "are necessarily obtained for use in the case" are recoverable.  I agree with Hemminghaus that, because the defendants filed their motion for summary judgment electronically and served it via email, copies were not necessarily obtained.  Therefore, the cost of copying the motion and its attachments ($93.30) is not recoverable.

Based on the foregoing,

**IT IS HEREBY ORDERED that** Defendants' Motion for Bill of Costs [#92] is granted in part and denied in part as set out above.

**IT IS FURTHER ORDERED that** the Clerk of Court shall tax the following costs in favor of the State of Missouri, et al., and against Nadine Hemminghaus:

| | |
|---|---|
| Fees for transcripts necessarily obtained | $8,481.74 |
| Witness fees | $45.46 |
| ***TOTAL TAXABLE COSTS*** | ***$8,527.20*** |

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2013.