UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NADINE HEMMINGHAUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:11 CV 736 CDP |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This closed matter is before the Court on pro se plaintiff Nadine Hemminghaus' sealed letter to the Clerk of Court, which has been construed as a Motion to Seal [ECF 112].  On July 13, 2020, I ordered defendant, the State of Missouri, to respond to the motion within ten days of the date of the Order.  ECF 115.  The State of Missouri has not responded, and its deadline for doing so has passed.

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *In re Neal,* 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978)).  A party seeking closure or sealing of court documents must show that a restriction of the right of public access is necessitated by a compelling interest.  *Goff v. Graves,* 362 F.3d 543, 550 (8th Cir. 2004) (citing *In re Search Warrant for Secretarial Area Outside Office of Gunn,* 855 F.2d 569, 574 (8th Cir. 1988)).

I conclude that plaintiff has demonstrated good cause to restrict public access to the Court's memorandum and order granting summary judgment in this case [ECF 90] because of the sensitive information contained therein.  However, the Court "does not have any control or authority over the companies and services which publish federal judicial opinions," *Hinson v. United States*, No. 4:06-CV-769 CAS, 2010 WL 3724869, at *1 (E.D. Mo. Sept. 17, 2010), and so I cannot order any individual publisher of the opinion to remove it from their electronic databases or publications; to the extent plaintiff requests that I do so, her motion is denied.  Additionally, I will not seal the entire court file, as the public interest is in having matters remain as open to the public as possible.  And, of course, when plaintiff chose to file this case without asking for any special treatment, she voluntarily placed the information in the public record, and it is not appropriate to close it to the public after all this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's pro se Motion to Seal [112] is **GRANTED** in part.  The Clerk of the Court shall restrict access to Document 90 in this matter to Court users and case participants only.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of August, 2020.

2